UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

    Louis Spencer,

        Debtor.                      Case No.  04-06344-8-JRL

**ORDER**

       This case came before the court upon the debtor's motion to avoid the judicial lien of Carlton Thornton ("Thornton").  The motion asserts that Thornton holds a judicial lien which impairs the debtor's homestead exemption and prays that such judicial lien be avoided pursuant to § 522(f)(1)(A) of the Bankruptcy Code.  According to the motion, the real estate which the debtor exempted as his homestead is owned by the debtor and his wife as tenants by the entirety.  However, the judgment referred to in the motion was entered against the male debtor alone.  Under North Carolina law, the individual creditors of either the husband or wife cannot reach entireties property in order to satisfy a judgment against only one of the spouses.  See North Carolina Nat'l Bank v. Corbett, 271 N.C. 444, 447, 156 S.E.2d 835, 837 (1967); In re Crouch, 33 B.R. 271, 273  (Bankr. E.D.N.C. 1983); In re Banks, 22 B.R. 891, 892 (Bankr. W.D.N.C. 1982); In re Woolard, 13 B.R. 105, 107 (Bankr. E.D.N.C. 1967); Winchester-Simmons Co. v. Cutler, 199 N.C. 709, 155 S.E. 611, 612-13 (1930); Johnson v. Leavitt, 188 N.C. 682, 125 S.E. 490, 492 (1924).  Therefore,  a judgment against one spouse is not a lien against property held as tenants by the entirety. See In re Foreclosure of Deed of Trust, 303 N.C. 514, 519, 279 S.E.2d 566, 569 (1981)("A lien of judgment . . . effective against only one spouse does not attach to real property held by husband and wife by the entireties."); Grabenhofer v. Garrett, 260 N.C. 118, 120, 131 S.E.2d 675, 677 (1963); Martin v. Lewis, 187 N.C. 473, 122

S.E. 180, 181 (1924); Bruce v. Sugg, 109 N.C. 202, 13 S.E. 790, 791 (1891); Union Grove Milling and Mfg. Co. v. Faw, 103 N.C. App. 166, 168, 404 S.E.2d 508, 509 (1991).  It follows that the judgment referred to in the motion does not constitute a judicial lien against the debtor's homestead since such homestead is owned by them as tenants by the entirety and the judgment is against the debtor alone.  Hence, there is no judicial lien to avoid and no grounds for relief under § 522(f)(1)(A).  See In re Hamilton, 286 B.R. 291, 293 (Bankr. D.N.J. 2002)("Where a judgment has not become a lien on any of the debtor's property at the filing of the bankruptcy petition, Section 522(f) cannot apply.").  Accordingly, the debtor's motion pursuant to 522(f)(1)(A) must be denied.[1]

**So Ordered.**

**Dated:  August 24, 2005**

J. Rich Leonard
United States Bankruptcy Judge

---

[1] Even though the Debtor is not entitled to relief under § 522(f)(1)(A), he does receive relief under § 524(a)(1) which protects his homestead exemption from the judgment in question.  Under § 524(a)(1) a discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived . . . ."  Thus, assuming that the debtor receives a discharge in this case and the debt underlying the judgment thereby is discharged, such discharge will void the judgment.  Once the judgment is voided under § 524, it cannot thereafter affix to or become a lien against real property acquired by the debtor.  See In re Ogburn, 212 B.R. 984 (Bankr. M.D. Ala. 1995)(holding that under § 524(a)(1), an unattached judgment  was voided by the debtor's discharge and thus no lien attached to debtor's after-acquired property); In re Norvell, 198 B.R. 697, 699 (Bankr. W.D. Ky. 1996)(holding that pre-petition judgment against debtor was void pursuant to § 524(a)(1) and observing that no judgment lien would attach to real estate acquired by the debtor after the filing of a Chapter 7 bankruptcy proceeding in which the debtor received a discharge).